IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br>v.<br><br>CIMARRON RURAL RENTAL HOUSING, A LIMITED PARTNERSHIP; JETZ SERVICE CO., INC.; PEMBERTON KCK, LLC; PRAIRIEBROOKE GARDNER, LLC; KELLEY HRABE; and JON WALKER,<br><br>                      Defendants. | Civil No. 22-4058 |

## COMPLAINT

COMES NOW the United States of America, by Duston J. Slinkard, Acting United States Attorney for the District of Kansas, and Tanya Sue Wilson, Assistant United States Attorney, and for its cause of action represents as follows:

1. This is a civil action for judgment on the Promissory Notes and foreclosure of the Real Estate Mortgages brought by the United States of America under the provisions of 28 U.S.C. § 1345.

2. Service may be made upon Defendants in the following manner:

    a. Defendant Cimarron Rural Rental Housing, A Limited Partnership ("Cimarron") may be served by delivering the Summons and a copy of the Complaint to its Registered Agent, Ivan Haugh, as listed on the Kansas Secretary of State's website at 3851 SW Chelmsford Road, Topeka, Kansas 66610, pursuant to K.S.A. § 60-304(e), and, if the Registered Agent Ivan Haugh cannot be found there, service may be made by delivering a copy of the Summons and Complaint to Scott Schwab, the Kansas Secretary of

      State, at Memorial Hall, 120 SW 10th Avenue, 1st Floor, Topeka, Kansas 66612-1594, pursuant to K.S.A. § 60-304(f), further, the current address for Registered Agent Ivan Haugh is believed to be 2909 SW Plass Court, Topeka, Kansas 66611, and a courtesy copy of the Summons and Complaint shall be sent to that address, within the jurisdiction of this Court.

b.   Defendant Jetz Service Co., Inc. may be served by delivering the Summons and a copy of the Complaint to its Registered Agent, Cogency Global, Inc., at 2101 SW 21st Street, Topeka, Kansas 66604, pursuant to K.S.A. § 60-304(e), and, if the Registered Agent cannot be found there, by delivering a copy of the Summons and Complaint to Scott Schwab, the Kansas Secretary of State, at Memorial Hall, 120 SW 10th Avenue, 1st Floor, Topeka, Kansas 66612-1594, pursuant to K.S.A. § 60-304(f), within the jurisdiction of this Court.

c.   Defendant Pemberton KCK, LLC may be served by delivering the Summons and a copy of the Complaint to its Registered Agent, Rudy Manes, at 22 E. Rockwood Drive, Ottawa, KS 66067, pursuant to K.S.A. § 60-304(e), and, if the Registered Agent cannot be found there, by delivering a copy of the Summons and Complaint to Scott Schwab, the Kansas Secretary of State, at Memorial Hall, 120 SW 10th Avenue, 1st Floor, Topeka, Kansas 66612-1594, pursuant to K.S.A. § 60-304(f), within the jurisdiction of this Court.

d.   Defendant PrairieBrooke Gardner, LLC may be served by delivering the Summons and a copy of the Complaint to its Registered Agent, Jon Walker,

        at 13910 Hemlock, Overland Park, Kansas 66223, pursuant to K.S.A. § 60-304(e), and, if the Registered Agent cannot be found there, by delivering a copy of the Summons and Complaint to Scott Schwab, the Kansas Secretary of State, at Memorial Hall, 120 SW 10th Avenue, 1st Floor, Topeka, Kansas 66612-1594, pursuant to K.S.A. § 60-304(f), within the jurisdiction of this Court.

    e.    Defendant Kelley Hrabe may be served by delivering the Summons and a copy of the Complaint at 416 W. 62nd Street, Kansas City, MO 64113, pursuant to pursuant to K.S.A. §§ 60-303(d)(1)(A)-(C) and 60-304(a), as authorized by K.S.A. § 60-308(a) and, if Defendant cannot be found there, service may also be made by publication, pursuant to K.S.A. § 60-307(a)(3). This Defendant may be considered within the jurisdiction of the Court pursuant to the long-arm statute, K.S.A. § 60-308(b).

    f.    Defendant Jon Walker may be served the Summons and a copy of the Complaint at 13910 Hemlock, Overland Park, KS 66223, by personal or residence service, pursuant to K.S.A. §§ 60-303(d)(1)(A)-(B) and 60-304(a), and, if Defendant cannot be found there, service may also be made by publication, pursuant to K.S.A. § 60-307(a)(3), within the jurisdiction of this Court.

    3.    Defendant Cimarron executed and delivered to Plaintiff United States of America, acting through the Farmers Home Administration, predecessor to the Rural Housing Service, United States Department of Agriculture, a Promissory Note on April 30, 1986, in the principal amount of $325,000.00, together with interest at the rate of 9.5000 percent (9.5000%) per annum

on the unpaid balance. As consideration for this Promissory Note, Plaintiff United States made a Rural Housing loan to Defendant Cimarron pursuant to the provisions of Title V of the Housing Act of 1949 (42 U.S.C. § 1471, *et seq*.). A true and correct copy of the Promissory Note is attached as Exhibit A.

4. To secure repayment of the indebtedness Defendant Cimarron did, on April 30, 1986, execute and deliver a purchase-money security interest in the form of a Real Estate Mortgage upon real property commonly known as 101 East Elizabeth Avenue, Cimarron, Kansas 67835 and located in Gray County, Kansas, within the jurisdiction of this Court, described as follows:

> All of Lot One (1) in Block Ten (10), Centennial Addition to the City of Cimarron, Gray County, Kansas, according to the recorded Plat thereof.

This Real Estate Mortgage was filed on April 30, 1986, in the office of the Register of Deeds of Gray County, Kansas, in Book 67 at Pages 429-432. Under the terms of the Real Estate Mortgage, Defendant Cimarron waived its rights of redemption. A true and correct copy of the Real Estate Mortgage is attached as Exhibit B.

5. Defendant Cimarron executed and delivered to Plaintiff United States of America, acting through the Rural Housing Service, United States Department of Agriculture, a Promissory Note on October 22, 2007, in the principal amount of $43,820.00, together with interest at the rate of 6.0000 percent (6.0000%) per annum on the unpaid balance. As consideration for this Promissory Note, Plaintiff United States made a Rural Housing loan to Defendant Cimarron pursuant to the provisions of Title V of the Housing Act of 1949 (42 U.S.C. § 1471, *et seq*.). A true and correct copy of the Promissory Note is attached as Exhibit C.

6. To secure repayment of the indebtedness Defendant Cimarron did, on October 22, 2007, execute and deliver a security interest in the form of a Real Estate Mortgage upon real

property commonly known as 101 East Elizabeth Avenue, Cimarron, Kansas 67835 and located in Gray County, Kansas, previously described in paragraph four (4) above, within the jurisdiction of this Court. This Real Estate Mortgage was filed on October 26, 2007, in the office of the Register of Deeds of Gray County, Kansas, in Book 139 at Pages 437-444. A true and correct copy of the Real Estate Mortgage is attached as Exhibit D.

7.  On April 30, 1986, to secure the payment of the indebtedness, a Security Agreement was executed and delivered to Plaintiff United States of America, perfecting a security interest in all proceeds and products of the real estate, all equipment, replacements, substitutions, additions, and accessions thereto, all accounts, contract rights and general intangibles. True and correct copies of the Security Agreement and attendant financing statement with continuations are attached as Exhibits E and F.

8.  Plaintiff United States has perfected its security interest in the deposit accounts of Defendant Cimarron by virtue of the management agreement mentioned in paragraph 13 below, and, separately, by virtue of a Deposit Agreement dated April 30, 1986. A true and correct copy of the Deposit Agreement is attached as Exhibit G. *See* K.S.A. §§ 84-9-104(a) and 84-9-314.

9.  Plaintiff United States is the owner and holder of the liability and security documents set out above, attached as Exhibits A, B, C, D, E, F and G.

10.  Ivan Haugh, the General Partner of Defendant Cimarron and the sole shareholder of Continental Management of Topeka, Inc., which managed the property on behalf of the General Partner, filed for Chapter 11 bankruptcy on October 4, 2010 (*In re Haugh*, Bankr. D. Kan. No. 10-41798), which was later converted to Chapter 7. Ivan Haugh received a discharge on October 31, 2013.

11. Plaintiff United States was granted relief from stay on November 30, 2018 (No. 10-41798, Doc. 444). Plaintiff United States has elected to exercise its option to declare the entire unpaid principal balance plus interest to be immediately due and payable and has made demand for these amounts. No payment has been received.

12. The Bankruptcy Court also granted the trustee's motion to abandon her interest in Defendant Cimarron on January 28, 2019 (No. 10-41798, Doc. 450). This latter order authorized the United States and the trustee to execute any necessary documents and agreements to effect the spirit and intent of the trustee's motion to abandon.

13. On March 2, 2019, the Rural Housing Service, the trustee, and the president of Continental Management of Topeka, Inc. (which entity continues to be held by the bankruptcy estate, and remains under the custody and control of the trustee) executed a management agreement pursuant to No. 10-41798, Doc. 450, and 7 C.F.R. § 3560.458(a) turning over operational responsibilities for the property to Plaintiff United States on March 21, 2019, including but not limited to accessing reserve accounts and operation and maintenance accounts, managing and/or hiring a management agent to manage the property, addressing health and safety issues on the property, and collecting rents from tenants. Under the terms of the agreement, Plaintiff United States will charge all management expenses to the subject property account.

14. Rural Housing Service has engaged in operational responsibilities for the project, has accrued, and will continue to accrue advances which it is entitled to recover (including without limitation for management fees, utilities, and insurance) until the sale of the real estate.

15. Defendant Cimarron was given notice of the non-monetary grounds for default on August 6, 2021. Plaintiff United States, acting through the Rural Housing Service, United States

Department of Agriculture, accelerated the indebtedness on August 6, 2021, and made demand for payment in full. No appeal of the acceleration was made, and no payment has been received.

16. The amount due on the Promissory Notes is principal in the amount of $363,846.98 (including unpaid principal of $310,581.40, advances of $45,904.24 (including management fees, agency title report fees, etc.), and late fees of $7,361.34) as of June 30, 2022; plus subsequent advances made until the date of sale; plus interest in the amount of $97,059.97 (including interest on principal of $94,849.86 and interest on advances of $2,210.11) accrued to June 30, 2022; plus interest accruing thereafter at the daily rate of $81.7823 (including daily interest on principal of $78.2409 and daily interest on advances of $3.5414) to the date of judgment; plus administrative costs of $305.00 (including lis pendens filing fee of $5.00 and title report fee of $300.00) pursuant to the Promissory Notes and Real Estate Mortgages; plus filing fees in the amount of $402.00 allowed pursuant to 28 U.S.C. § 2412(a)(2); plus court costs and the costs of this action presently and in the future incurred; plus interest after the date of judgment at the rate set forth in 28 U.S.C. § 1961.

17. Due to its perfected security interest and control of the deposit accounts, Plaintiff United States is entitled to assign or transfer control, make deposits, or withdraws, sweep, or take any other action consistent with its control of the deposit accounts.

18. No other action has been brought to recover these sums.

19. Plaintiff United States completed all loan servicing requirements of Title V of the Housing Act of 1949 (42 U.S.C. § 1471, *et seq.*) and implementing rules and regulations.

20. The following Defendants may claim an interest in the real property:

    a. Jetz Service Co., Inc., may claim an interest in the real property pursuant to a memorandum of lease that it entered into with Defendant Cimarron, which

7

    was dated November 27, 2007, and was recorded on December 26, 2007, in the Office of the Register of Deeds of Gray County, in Book 96 at Pages 293-294.

  b. Defendants Pemberton KCK, LLC, PrairieBrooke Gardner, LLC, Kelley Hrabe and Jon Walker may claim an interest in the real estate by virtue of a Notice of Pendency of Action and Lien filed in the District Court of Gray County, Kansas, on December 13, 2013, as 2013-SL-000013, regarding a suit pending in Wyandotte County, Kansas, as 10-CV-710.

21. The indebtedness due Plaintiff United States of America is a first and prior lien on the real and personal property, and chattel collateral described above.

22. The interests of all Defendants are junior and inferior to the interests of Plaintiff United States.

23. By execution of the Real Estate Mortgage, Defendant Cimarron agreed that Plaintiff United States, acting through the Rural Housing Service, would not be bound by any present or future State laws allowing for any right of redemption or possession of the real estate following any foreclosure sale. *See* Exhibit B, ¶ 19. Therefore, Defendant Cimarron waived all rights of redemption and there is no right of redemption for any party, including lien creditors.

Plaintiff United States demands *in rem* judgment of foreclosure in the amount of $363,846.98 (including unpaid principal of $310,581.40, advances of $45,904.24 (including management fees, agency title report fees, etc.), and late fees of $7,361.34) as of June 30, 2022; plus subsequent advances made until the date of sale; plus interest in the amount of $97,059.97 (including interest on principal of $94,849.86 and interest on advances of $2,210.11) accrued to June 30, 2022; plus interest accruing thereafter at the daily rate of $81.7823 (including daily

interest on principal of $78.2409 and daily interest on advances of $3.5414) to the date of judgment; plus administrative costs of $305.00 (including lis pendens filing fee of $5.00 and title report fee of $300.00) pursuant to the Promissory Notes and Real Estate Mortgages; plus filing fees in the amount of $402.00 allowed pursuant to 28 U.S.C. § 2412(a)(2); plus interest thereafter at the rate set forth in 28 U.S.C. § 1961; plus court costs and the costs of this action presently and in the future incurred; and foreclosure of all Defendants' interests in the subject real estate and personal property.

Plaintiff United States also demands foreclosure of its Security Agreement and requests that all fixtures be sold with the real estate.

Plaintiff United States also demands that its Real Estate Mortgage be declared a first and prior lien on the subject real estate and that such advances as Plaintiff United States be authorized and required to pay for insurance premiums, real estate taxes, title fees, or other costs necessary to protect the security during the pendency of this proceeding be allowed as a first and prior lien on the security.

Plaintiff United States further demands that it be granted *in rem* judgment foreclosing its Real Estate Mortgages on the real property and foreclosing the interests of all Defendants, and that all right, title, and interest in and to the real property of all Defendants, and of all persons claiming by, through or under this Defendant be decreed to be junior and inferior to the Real Estate Mortgages of Plaintiff United States and be absolutely barred and foreclosed.

Plaintiff United States further demands that the real property be sold at public sale to the highest bidder, in accordance with 28 U.S.C. §§ 2001-2002, inclusive, with no right of redemption in any party, and that the sale be subject to any unpaid real estate taxes, special assessments and easements of record.

Plaintiff United States further demands that should the public sale of the subject real estate fail to satisfy the indebtedness due Plaintiff United States, it continue to exercise control including by transferring control to the buyer or sweeping or otherwise applying to the remaining indebtedness the deposit accounts after conveyance of the subject real property, and if swept or otherwise applied to the indebtedness due Plaintiff United States, the proceeds shall be applied in the order described in the paragraph below.

Plaintiff United States further demands that it may bid up to the full amount due it at the time of the sale without paying funds into the Court, which bid shall satisfy the requirement for a cash sale, and that the sale proceeds be applied in the following order:

(1) Filing fees in the amount of $400.00 allowed pursuant to 28 U.S.C. § 2412(a)(2);

(2) The costs of this action and the foreclosure sale;

(3) The interest accruing on Plaintiff United States *in rem* judgment of foreclosure;

(4) Plaintiff United States *in rem* judgment of foreclosure; and,

(5) Any remaining balance should be held by the Clerk of the District Court to await the Court's further order.

Plaintiff United States further demands that the judgment granted it in the Order and Judgment be the final judgment of this Court.

Plaintiff United States further demands that if the grantee named in the United States Marshal's Deed, or the grantee's assigns, are denied possession of the real property, a Writ of Assistance issue out of this Court to the United States Marshal for the District of Kansas, upon application of the grantee or grantee's assigns, ordering and directing the United States Marshal to place the applicant in full, complete, and peaceful possession of the real property.

Respectfully submitted,

DUSTON J. SLINKARD
United States Attorney
District of Kansas

*s/ Tanya Sue Wilson*
TANYA SUE WILSON
Assistant United States Attorney
Ks. S.Ct. No. 11116
290 Federal Bldg.
444 SE Quincy Street
Topeka, Kansas 66683
PH: (785) 295-2850
FX: (785) 295-2853
Email: tanya.wilson@usdoj.gov
Attorneys for the Plaintiff

## REQUEST FOR PLACE OF TRIAL

Plaintiff United States of America hereby requests that trial of the above-entitled matter be held in the City of Topeka, Kansas.

*s/ Tanya Sue Wilson*
TANYA SUE WILSON
Assistant United States Attorney